

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 11, 1939

Hon. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-650
Re: Fees of constable for serving out
of county processes in criminal
cases.

Your request by letter of April 17th, has re-
ceived the attention of this Department wherein you de-
sire to know if our Opinion No. O-155 rendered to you on
January 20, 1939, would cover the following situation:

"When a county operating under the fee
system for both county and precinct officers
send processes in criminal cases to this
county to be served should the officers serv-
ing same be paid from the Officers Salary
Fund of this county or from the funds of the
county for which the services are performed?"

Our opinion No. O-155 to which you refer, is in
effect as follows:

"....A constable in an over county, who
remains on a fee basis and who receives a
subpoena from another county, to be served in
his precinct, should, upon the receipt of a
proper certificate from the foreign county,
be paid out of the Officer's Salary Fund of
his native county."

In connection with the above opinion, there was
forwarded to you a copy of our opinion No. O-133 rendered
under date of January 29th, to Hon. I. Predecki, County
Auditor, Galveston County, Texas, substantially to the same

effect.

As we understand the question, while your precinct officers are on a fee basis, your county officers are on a salary basis, thereby creating within your county an Officer's Salary Fund. It necessarily follows that any subpoenas or processes issuing out of felony cases pending within your own county, when served by the constable, he would be paid from the Officer's Salary Fund.

In the opinion of Mr. Alsup, dated February 12, 1936, to which reference was made in our opinion No. 0-133, he very plainly pointed out that under the salary law, Senate Bill No. 5, and particularly the latter part of Section 17b of said bill, same appearing in Vernon's Revised Civil Statutes 1925, as Article 3912e-17(b), the Legislature intended to withdraw all fees theretofore paid by the State of Texas for services rendered by precinct officers and that they would be thereafter paid out of the Officer's Salary Fund of the county. Formerly, the amount paid to a constable for the execution of an out of county process was a charge upon the state. The Legislature did not see fit to make any exception as to fees for such services to be paid out of out of county salary funds. This service would no doubt be considered one rendered for the state rather than for the foreign county. This Department heretofore has ruled that the enactment of Senate Bill No. 5, supra, and its amendments, in such cases superseded the payment of such fees by the state. While the state has appropriations for paying officers in a county operating on a fee basis, the state at the same time has made a provision for an apportionment to augment the salary fund of those counties out of which said fees are to be paid. (Sec. 6, Senate Bill 5).

We respectfully advise therefore, and it is the opinion of this Department that our opinion 0-155, formerly rendered to you under date of January 20, 1939, is applicable



Hon. H. A. Hodges, May 11, 1939, Page 3


and covers the question contained in your letter of
April 17, 1939, which is above set forth.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By             
Wm. J. R. King<br>Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS